```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

JULIANNE MICHELLE REEVES,

                Petitioner,

- against -

KARL REEVES,

                Respondent.

22-cv-2544 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

    The petitioner, Julianne Michelle Reeves, has filed a notice of removal to remove this child custody action from the Family Court of the State of New York to this Court. The petitioner also brings an emergency motion for sanctions and for a preliminary injunction to enforce removal.

    The Court declines to exercise jurisdiction over this child custody proceeding. Under the domestic relations abstention doctrine, federal courts should not exercise jurisdiction over a dispute that is matrimonial in nature, including a child custody dispute, so long as there is no obstacle to the full and fair determination of that dispute in state court. See Deem v. DiMella-Deem, 941 F.3d 618, 622-24 (2d Cir. 2019); American Airlines, Inc. v. Block, 905 F.2d 12, 14 (2d Cir. 1990).[1] This child custody dispute fits squarely within the domestic relations abstention doctrine. See Deem, 941 F.3d at 624 ("[T]he existence of a

---

[1] The domestic relations abstention doctrine, and not the domestic relations exception to federal court jurisdiction, applies in this case because the petitioner asserts that this Court has federal question jurisdiction over this dispute rather than diversity jurisdiction. See Deem, 941 F.3d at 623.

distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition — in a non-diversity case involving a child custody dispute — that 'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.'" (quoting In re Burrus, 136 U.S. 586, 593-94 (1890))). Here, there is no obstacle to the full and fair determination of the parties' child custody dispute in Family Court. Moreover, in addition to the Family Court's expertise in the relevant law, the Family Court has greater familiarity with this dispute and has already invested substantial judicial resources in this case by holding a lengthy custody trial.

The petitioner's attempt to invoke bankruptcy removal is unpersuasive because the statutes governing bankruptcy jurisdiction make clear that federal courts may exercise discretion to abstain from hearing disputes related to bankruptcy proceedings "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); see also id. § 1452(b); Festinger v. Snitow Kaminetsky Rosner & Snitow, LLP, No. 20-cv-9784, 2022 WL 901660, at *4, *17 (S.D.N.Y. Mar. 28, 2022). The petitioner's reliance on Obergefell v. Hodges, 576 U.S. 644 (2015) and Mitchum v. Foster, 407 U.S. 225 (1972) is misplaced because those cases have no bearing on whether federal courts should exercise jurisdiction over child custody

2

disputes. The petitioner also appears to assert substantive and procedural due process challenges to the ongoing Family Court proceedings. The petitioner may of course raise such constitutional issues in the state court proceedings.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. For the reasons explained above, the petitioner's motion for sanctions and for a preliminary injunction is **denied**. The Clerk is directed to **remand** this action to the Family Court of the State of New York, New York County. The Clerk is also directed to close all pending motions and to close this case.

SO ORDERED.

Dated:   New York, New York
         April 14, 2022

                                       _____
                                            John G. Koeltl
                                      United States District Judge